VIRELLA, PLAINTIFF AND APPELLEE, *v.* VIRELLA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Guayama in an Action for the Annulment of Deeds and Contracts.

No. 1366.—Decided April 7, 1916.

UNLAWFUL DETAINER—RES JUDICATA—POSSESSION—OWNERSHIP.—Since a judgment in an action of unlawful detainer involves possession and not the right of ownership, it is no bar to the prosecution of an ordinary action to settle the right of ownership; therefore it cannot serve as a basis for the plea of *res judicata* in such action.

ID.—RES JUDICATA.—To constitute *res judicata,* there must have been a decision in one action upon the subject-matter of another former action.

ID.—EVIDENCE—ACTION FOR NULLITY—STATEMENT OF CASE—FINDINGS OF FACT—JUDGMENT.—When it is alleged that the court did not weigh the evidence in an action for the annulment of a sale in the same manner that it did in a previous action of unlawful detainer, the evidence introduced at the two trials should be recited in the statement of the case for the purpose of comparison. The judgments will not suffice, for the findings of fact set out in the judgment of the court cannot be regarded as an expression of the evidence introduced at the trial.

ERROR—APPEAL.—If an error assigned by the appellant affects only the interests of the appellee and the latter does not seek to correct the same by appealing from the judgment, this court will not consider such error.

The facts are stated in the opinion.

*Mr. C. Domínguez Rubio* for the appellant.

*Mr. Manuel A. Martínez Dávila* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

This is an appeal by Francisco Virella Uribe, one of the defendants, from a judgment rendered by the District Court

of Guayama in an action for the annulment of deeds, the cancellation of records of the same in the registry and the recovery of real property.

The plaintiff, Emilia Virella, bases her action upon the following alleged facts:

That she is the owner of a rural property of 22 *cuerdas* of land, worth $700, in the ward of Apeadero of the Municipal District of Patillas, which property Simón Antonio Alcaide conveyed to her at her request by a deed of November 25, 1910, it having been held in his name pursuant to her custom of always keeping it in the name of some friend whom she trusted.

That following the said custom, by another public deed executed before Notary Luis Capó Matres on January 12, 1911, the plaintiff simulated a sale of the said property without consideration to defendant Cecilio Nido, but in fact he only took the same under lease and with the understanding that he would reconvey the property to the plaintiff when requested by the latter to do so.

That subsequently the plaintiff told Francisco Virella Uribe, in whom she had confidence, of the condition under which Nido held the property and gave him authority to request Nido to reconvey the property to her, which Virella Uribe did; but as Nido claimed compensation for improvements made by him to the property, Virella Uribe, deceitfully, in bad faith and with the deliberate intention of defrauding the plaintiff and knowing that the property did not belong to Nido, caused the plaintiff to instruct Nido to convey the title directly to Virella Uribe, who in consideration of the plaintiff's promise that he might reimburse himself by the use of the land, agreed to pay and did pay for the improvements claimed by Nido.

That the conveyance of the property by Cecilio Nido to Virella Uribe by a public deed of November 30, 1911, executed before Notary Tomás Bernardini de la Huerta was

simulated and neither the plaintiff nor Cecilio Nido received any money in consideration of the sale.

That the property was originally recorded in the registry in the name of the plaintiff by virtue of proceedings had before the Municipal Court of Patillas and the conveyances by the plaintiff to Nido and by Nido to Virella Uribe were also recorded.

That the plaintiff was ousted from the property as a result of an action of unlawful detainer which Virella Uribe brought against her.

The complaint concludes with a prayer for judgment declaring the said deeds of January 12 and November 30, 1911, as well as the records thereof in the registry, to be null and void and adjudging that defendant Virella Uribe deliver the said property to the plaintiff and pay the costs and disbursements, together with a reasonable attorney's fee.

Defendant Virella Uribe demurred to the complaint on the following grounds: That it did not state facts sufficient to constitute a cause of action; that the action was barred by the doctrine of *res judicata* because the issue had been decided in the action of unlawful detainer brought by defendant Virella Uribe against the plaintiff; that the plaintiff was estopped from bringing an action based on an alleged fraudulent conveyance of the property to Virella Uribe because she did not set up that plea before in answering the complaint in the action of unlawful detainer.

The parties agreed to submit the demurrer to the court first and after hearing the evidence it was overruled by the court on February 5, 1915, defendant Virella Uribe being allowed ten days within which to answer the complaint.

In his answer Francisco Virella Uribe alleged that he had no information upon which to admit or deny the transactions between the plaintiff and defendant Cecilio Nido and absolutely denied that the plaintiff was the owner of the property in dispute because he was the owner of it by acquisition from Cecilio Nido who had a right to sell it, and that

he had purchased it in good faith and for a valuable consideration consisting of a fixed price which he paid, after which he recorded the property in the registry in his own name and brought an action of unlawful detainer in order to oust Emilia Virella therefrom.

The case went to trial and on May 20, 1915, the court rendered judgment declaring that the deed of November 30, 1911, executed by Cecilio Nido in favor of defendant Virella before Notary Bernardini de la Huerta was null and void because the sale was a simulated one without a fixed price; that its record in the registry of property was also null and void, and that defendant Virella Uribe deliver the said property to the plaintiff and leave it at her disposal, without special imposition of costs.

From that judgment Virella Uribe took the present appeal. The reasons alleged by the appellant for a reversal of the judgment are transcribed below:

"1. The court erred in overruling the special defenses of former judgment, *res judicata* and estoppel.

"2. The court did not weigh the evidence in the action for nullity of sale in the same way that it did in the action of unlawful detainer.

"3. The court erred in not giving the public instrument between Nido and Virella its true value.

"4. The court erred in weighing the evidence as a whole and in holding that it showed the existence of fraud.

"5. The judgment of the District Court of Guayama is incomplete because it does not protect the plaintiff's interests."

As to the first error, it appears from the record that on April 17, 1914, Francisco Virella Uribe brought an action of unlawful detainer in the District Court of Guayama against Amelia or Emilia Virella for the purpose of evicting her from the same property involved in this case, alleging that he had purchased the said property from Cecilio Nido by a deed executed before Notary Tomás Bernardini de la Huerta on November 30, 1911, and that Emilia Virella was

occupying the property against the wish of the plaintiff without paying any rent or other consideration therefor. In her answer to the said complaint Emilia Virella alleged that the property in question belonged to her although she had transferred it to Cecilio Nido because he possessed her absolute confidence and she was an old woman unable to manage the same, the transfer having been made to Nido under his promise to reconvey the property to her at her request; that by her order Nido made a conveyance of the property to Virella, whom she trusted because she had been a slave of his parents, Virella having advised her to do so saying that Nido intended to cheat her; that neither she nor Cecilio Nido received any consideration from Virella for the property. In view of these allegations and the evidence introduced, on June 9, 1914, the said court rendered judgment sustaining the action of unlawful detainer on the ground that the evidence showed that although Emilia Virella simulated a conveyance of her property to Nido without consideration, there was no such evidence as to the sale made by Nido to Virella who should be deemed the owner of the property until the deed of conveyance was rescinded or shown to be fraudulent.

We are of the opinion that that judgment does not support a plea of *res judicata* in the present case in which it is sought to annul the deed which gave to Virella his character of owner upon which to bring the action of unlawful detainer. It was held in the said judgment that the plaintiff had the right to evict the defendant from the property, but nothing could be decided as to the nullity or invalidity of the plaintiff's title, for, as we said in the case of *Pesquera* v. *Fernández,* 16 P. R. R. 223, "an action of unlawful detainer is not the proper one to raise issues in regard to rights that are more or less disputable, the courts being obliged to confine themselves to examining and determining whether the action brought lies against the person who is sought to be dispossessed." "An action of unlawful detainer is not a proper one to decide the right of ownership and the ques-

tion of legal title to the property should be settled in an ordinary action." *Torres et al.* v. *Pérez,* 18 P. R. R. 557.

As is seen, since the judgment in an action of unlawful detainer refers to the possession and not to the right of ownership, it is no bar to the prosecution of an ordinary action to settle the right of ownership and, therefore, cannot serve as a basis for the plea of *res judicata.*

To constitute *res judicata,* there must have been a decision in one action upon the subject-matter of another former action, and that does not occur in the present case.

Nothing is alleged in support of the plea of estoppel and there is no ground on which it can be upheld.

We have no basis for considering the second ground of appeal, for the record does not contain the evidence introduced at the trial of the action of unlawful detainer and, therefore, we are unable to compare that evidence with the evidence in the present case.

The appellant alleges that if this court will examine the judgments rendered in the present case and in the action of unlawful detainer it will be seen that the evidence is the same. It is the evidence itself introduced at the two trials and not the judgments which should be submitted for examination, for the findings of fact set out in the judgment of the court cannot be regarded as an expression of the evidence introduced at the trial. The said evidence should be recited by the agreement of the parties and be approved by the judge in the statement of the case, which is the proper document for that purpose.

The appellee herself says that witness Capella did not testify at the trial of the action of unlawful detainer and that the court would not allow the then defendant, Emilia Virella, to ask questions tending to show that the deed of bargain and sale was simulated, holding that such interrogatories were improper in an action of unlawful detainer, whereas the said questions were allowed in the present suit.

In any event, for the very reasons stated in consider-

ing the first ground of appeal, whatever weight may have been given by the court to the evidence in the action of unlawful detainer, it cannot constitute *res judicata* in a subsequent action to recover the ownership.

The third and fourth grounds of appeal may be summed up in one, as follows: Error in weighing the evidence due to the fact that the court did not give the proper legal value to the public deed of sale which Cecilio Nido executed in favor of Francisco Virella and in holding that fraud had been shown.

As is seen by the terms of the judgment, the lower court declared the deed of November 30, 1911, to be null and void because it was a simulated sale without consideration.

It is true that the said deed shows *prima facie* that Cecilio Nido sold to Francisco Virella Uribe the property of 22 *cuerdas* of land described in the complaint for the sum of $330 which the vendor acknowledged having received prior to the execution of the said deed; but that deed has been attacked as null and void because the contract was without consideration, that is, because no price was fixed in the transaction of bargain and sale, and after weighing the evidence introduced at the trial the lower court held that it proved that fundamental allegation of the complaint.

Cecilio Nido avers that Emilia Virella agreed to lease the property in question to him and later made the conveyance in his name without fixing any purchase price whatever, and that he in turn conveyed the property to the defendant Virella without any purchase price, inasmuch as the latter paid him only $230 to cover the expenses he had incurred in improving the property.

Emilia Virella agrees with Cecilio Nido that she leased the property to him and adds that Francisco Virella told her to give him the deeds to the property to keep safely for her as Nido was deceiving her, and that Virella dismissed her from his house when she demanded the return of said deeds.

Francisco Virella testified that he purchased the property from Nido under the impression that it belonged to him and paid him $330 therefor, together with an additional sum of $20 to cover certain expenses which Nido had incurred on the property, and that Emilia Virella "was going about everywhere saying that Nido had cheated her; but Nido told him again that the property was his own and he believed him."

Virella Uribe explained that he paid the $350 in two checks on the Banco Territorial y Agrícola de Puerto Rico to the order of Cecilio Nido, the first being for $200 drawn on May 1, 1911, and the other for $150 drawn on the 27th of the same month. Those checks were dated long before the deed of November 30, 1911.

Contradicting the testimony of Virella Uribe, Nido said that the former paid him $230 for the improvements he had made on the property and that the two checks were given him by Virella Uribe as a gratuity for a transfer of a lease of land belonging to Antonio Capella.

Antonio Capella testified that he had leased a property in Patillas to Cecilio Nido, which lease Nido had assigned later to Francisco Virella.

Virella Uribe denied that he had paid Cecilio Nido any gratuity for the assignment of the lease of land belonging to Capella, although he paid him $40 or $50 in cash for minor expenses he had incurred on the leased property.

We have given a summary of the evidence in the case, disregarding details and contradictions. After weighing the said evidence the lower court found that, in fact, the deed of sale executed by Nido to Virella Uribe was simulated because no price or other consideration was paid, as was also the former deed executed by Emilia Virella in favor of Cecilio Nido, and we do not find that the said court was influenced by passion, prejudice or partiality or committed manifest error in so concluding. In harmony with the repeated

jurisprudence laid down by this court, we cannot disturb its findings.

As to the last ground of appeal, it suffices to say that in case the alleged error should exist it would prejudice the interests of the plaintiff and appellee and as she has not sought to correct the judgment by appealing therefrom, we abstain from considering the same.

For the foregoing reasons the judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.